AO 245B    (Rev. 02/18 - D/KS 02/18)  Judgment in a Criminal Case
           Sheet 1

# United States District Court
## District of Kansas

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br>Tyler R Barriss<br>AKA: Tyler Rai Barriss; @SWAUTISTIC;<br>Robert Hayward; Robert; Alex Mendez; Alex;<br>Matthew; Aaron | **JUDGMENT IN A CRIMINAL CASE**<br><br>Case Number:  6:18CR10154 - 001<br>USM Number:  29381-031<br>Defendant's Attorney:  Richard Federico |

**THE DEFENDANT:**

☒    pleaded guilty to counts:  <u>1 through 46 of the Information</u>.
☐    pleaded nolo contendere to count(s) ___ which was accepted by the court.
☐    was found guilty on count(s) ___ after a plea of not guilty.

The defendant is adjudicated guilty of these offenses:

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| See Next Page | | | |

The defendant is sentenced as provided in pages 1 through 9 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐    The defendant has been found not guilty on count(s) ___.

☐    Count(s) ___ is dismissed on the motion of the United States.

IT IS ORDERED that the defendant shall notify the United States Attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of material changes in economic circumstances.

03/29/2019
Date of Imposition of Judgment

s/  Eric F. Melgren
Signature of Judge

Honorable Eric F. Melgren, U.S. District Judge
Name & Title of Judge

4/1/2019
Date

DEFENDANT:        Tyler R Barriss
CASE NUMBER:   6:18CR10154 - 001

# ADDITIONAL COUNTS OF CONVICTION

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 844(e) | CONVEYING FALSE INFORMATION CONCERNING THE USE OF AN EXPLOSIVE DEVICE, Class C Felony | 09/24/2015<br>09/29/2015<br>09/30/2015 | 1<br>2<br>3 |
| 18 U.S.C. § 875(c) | THREATS TO INJURE IN INTERSTATE COMMERCE, Class D Felony | 10/01/2015 | 4 |
| 18 U.S.C. § 844(e) | CONVEYING FALSE INFORMATION CONCERNING THE USE OF AN EXPLOSIVE DEVICE, Class C Felony | 10/05/2015<br>10/07/2015<br>10/08/2015 | 5<br>6<br>7 |
| 18 U.S.C. § 875(c) | THREATS TO INJURE IN INTERSTATE COMMERCE, Class D Felony | 09/26/2017 | 8 |
| 18 U.S.C. § 844(e) | CONVEYING FALSE INFORMATION CONCERNING THE USE OF AN EXPLOSIVE DEVICE, Class C Felony | 09/26/2017<br>09/27/2017<br>09/28/2017<br>09/28/2017<br>09/28/2017<br>09/29/2017<br>09/29/2017<br>09/29/2017<br>09/30/2017<br>09/30/2017 | 9<br>10<br>11<br>12<br>13<br>14<br>15<br>16<br>17<br>18 |
| 18 U.S.C. § 875(c) | THREATS TO INJURE IN INTERSTATE COMMERCE, Class D Felony | 09/30/2017<br>09/30/2017 | 19<br>20 |
| 18 U.S.C. § 844(e) | CONVEYING FALSE INFORMATION CONCERNING THE USE OF AN EXPLOSIVE DEVICE, Class C Felony | 10/02/2017 | 21 |
| 18 U.S.C. § 875(c) | THREATS TO INJURE IN INTERSTATE COMMERCE, Class D Felony | 10/02/2017<br>10/02/2017 | 22<br>23 |
| 18 U.S.C. § 844(e) | CONVEYING FALSE INFORMATION CONCERNING THE USE OF AN EXPLOSIVE DEVICE, Class C Felony | 10/04/2017<br>11/02/2017<br>11/09/2017<br>11/10/2017<br>11/10/2017<br>11/11/2017<br>11/19/2017<br>11/24/2017 | 24<br>25<br>26<br>27<br>28<br>29<br>30<br>31 |
| 18 U.S.C. § 875(c) | THREATS TO INJURE IN INTERSTATE COMMERCE, Class D Felony | 11/24/2017 | 32 |
| 18 U.S.C. § 844(e) | CONVEYING FALSE INFORMATION CONCERNING THE USE OF AN EXPLOSIVE DEVICE, Class C Felony | 11/24/2017<br>11/24/2017<br>11/28/2017<br>11/28/2017 | 33<br>34<br>35<br>36 |
| 18 U.S.C. § 1349 and 18 U.S.C. § 1344 | CONSPIRACY TO COMMIT BANK FRAUD, Class B Felony | 12/05/2017 | 37 |
| 18 U.S.C. § 371 | CONSPIRACY TO CONVEY FALSE INFORMATION CONCERNING THE USE OF AN EXPLOSIVE DEVICE, Class D Felony | 12/06/2017<br>12/10/2017 | 38<br>39 |

AO 245B  (Rev. 02/18 - D/KS 02/18) Judgment in a Criminal Case
Sheet 1A

Judgment – Page **3** of **9**

DEFENDANT: Tyler R Barriss
CASE NUMBER: 6:18CR10154 - 001

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 844(e) | CONVEYING FALSE INFORMATION CONCERNING THE USE OF AN EXPLOSIVE DEVICE, Class C Felony | 12/11/2017<br>12/14/2017<br>12/17/2017 | 40<br>41<br>42 |
| 18 U.S.C. § 371 | CONSPIRACY TO CONVEY FALSE INFORMATION CONCERNING THE USE OF AN EXPLOSIVE DEVICE, Class D Felony | 12/17/2017 | 43 |
| 18 U.S.C. § 844(e) | CONVEYING FALSE INFORMATION CONCERNING THE USE OF AN EXPLOSIVE DEVICE, Class C Felony | 12/19/2017 | 44 |
| 18 U.S.C. § 875(c) | THREATS TO INJURE IN INTERSTATE COMMERCE, Class D Felony | 12/22/2017<br>12/26/2017 | 45<br>46 |

AO 245B     (Rev. 02/18 - D/KS 02/18) Judgment in a Criminal Case
            Sheet 2 – Imprisonment

Judgment – Page **4** of **9**

DEFENDANT:     Tyler R Barriss
CASE NUMBER:   6:18CR10154 - 001

# IMPRISONMENT

The defendant is hereby committed to the custody of the United States Bureau of Prisons to be imprisoned for a total term of <u>90 months</u>.

Counts 1-3; 5-7; 9-18; 21; 24-31; 33-37; 40-42; & 44: 90 months on each Count; said Counts to run concurrent with each other, and with Counts 4; 8; 19; 20; 22; 23; 32; 38; 39; 43; 45; & 46.

Counts 4; 8; 19; 20; 22; 23; 32; 38; 39; 43; 45; & 46: 60 months on each Count; said Counts to run concurrently with each other, and with Counts 1-3; 5-7; 9-18; 21; 24-31; 33-37; 40-42; & 44.

All Counts in this case to run concurrent with case 6:18CR10155 and to run consecutive to case 6:18CR10065.

☒   The Court makes the following recommendations to the Bureau of Prisons:
      At the request of Defense, designation to FCI Phoenix to facilitate visitation of family and friends, and to allow him to participate in the various programs FCI Phoenix has to offer.

☒   The defendant is remanded to the custody of the United States Marshal.

☐   The defendant shall surrender to the United States Marshal for this district.

   ☐ at ___ on ___.

   ☐ as notified by the United States Marshal.

☐   The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons:

   ☐ before ___ on ___.

   ☐ as notified by the United States Marshal.

   ☐ as notified by the Probation or Pretrial Services Officer.

# RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____

at _____, with a certified copy of this judgment.

_____
UNITED STATES MARSHAL

By _____
Deputy U.S. Marshal

DEFENDANT:          Tyler R Barriss
CASE NUMBER:        6:18CR10154 - 001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of <u>5 years</u>.

Counts 1-36 and 38 through 46: 3 years on each Count; said Counts to run concurrently with each other and with Count 37;

Count 37: 5 years; to run concurrent with Counts 1-36 and 38 through 46;

All Counts in this case to run concurrent with cases 6:18CR10155 and 6:18CR10065.

## MANDATORY CONDITIONS

1.  You must not commit another federal, state, or local crime.

2.  You must not unlawfully possess a controlled substance.

3.  You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two periodic drug tests thereafter, as determined by the court.

    ☐   The above drug testing condition is suspended based on the court's determination that you pose a low risk of future substance abuse.  *(Check if applicable.)*

4.  ☐   You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(Check if applicable.)*

5.  ☒   You must cooperate in the collection of DNA as directed by the probation officer. *(Check if applicable.)*

6.  ☐   You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq*.) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in the location where you reside, work, are a student, or were convicted of a qualifying offense. *(Check if applicable.)*

7.  ☐   You must participate in an approved program for domestic violence. *(Check if applicable.)*

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

AO 245B     (Rev. 02/18 - D/KS 02/18)  Judgment in a Criminal Case
            Sheet 3A – Supervised Release

Judgment – Page **6** of **9**

DEFENDANT:        Tyler R Barriss
CASE NUMBER:  6:18CR10154 - 001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.

2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.

3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.

4. You must answer truthfully the questions asked by your probation officer.

5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.

7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.

8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.

9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.

10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or Tasers).

11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.

12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.

13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. I understand additional information regarding these conditions is available at the www.uscourts.gov.


Defendant's Signature _____     Date _____

AO 245B     (Rev. 02/18 - D/KS 02/18) Judgment in a Criminal Case
            Sheet 3C - Supervised Release

Judgment – Page **7** of **9**

DEFENDANT:     Tyler R Barriss
CASE NUMBER:     6:18CR10154 - 001

# SPECIAL CONDITIONS OF SUPERVISION

1. You must participate as directed in a cognitive behavioral program and follow the rules and regulations of that program which may include MRT, as approved by the United States Probation and Pretrial Services Office. You must contribute toward the cost, to the extent you are financially able to do so, as directed by the U.S. Probation Officer.

2. As directed by the U.S. Probation Officer, you must cooperate with and abide by the policies of the United States Probation Office's Computer and Internet Monitoring Program which includes restrictions related to: computer and Internet usage, possession and use of electronic, cellular, gaming, and Internet appliance devices; possession and use of computer hardware and software, encryption hardware or software, and accessing certain types of web sites to include: chat rooms and those that describe or promote unauthorized access to computer systems. You will also be subject to computer monitoring, and will provide the United States Probation Office with a complete inventory of all electronic and Internet capable devices, user account information as well as password(s).

3. You must not incur new credit charges or open, or attempt to open, additional lines of credit, without the prior approval of the U.S. Probation Officer. You must also execute any release of information forms necessary for the probation officer to monitor your compliance with the credit restrictions.

4. You must immediately provide the U.S. Probation Officer with access to any, and all requested financial information, to include executing any release of information forms necessary for the probation office to obtain and/or verify said financial information.

5. You must participate in an approved program for mental health treatment, and follow the rules and regulations of that program, which may include psychological counseling. If mental health medication is deemed appropriate by mental health staff or your treating physician, you must take prescribed medication as directed, and you must contribute toward the cost, to the extent you are financially able to do so, as directed by the U.S. Probation Officer.

6. You must submit your person, property, house, residence, vehicle, papers, computers (as defined in 18 U.S.C. § 1030(e)(1)), other electronic communications or data storage devices or media, or office, to a search conducted by a United States Probation Officer. Failure to submit to a search may be grounds for revocation of release. You must warn any other occupants that the premises may be subject to searches pursuant to this condition. An officer may conduct a search pursuant to this condition only when reasonable suspicion exists that you have violated a condition of supervision and that the areas to be searched contain evidence of this violation. Any search must be conducted at a reasonable time and in a reasonable manner.

7. You must successfully participate in and successfully complete an approved program for substance abuse, which may include urine, breath, or sweat patch testing, and/or outpatient treatment, and share in the costs, based on the ability to pay, as directed by the Probation Office. You must abstain from the use and possession of alcohol and other intoxicants during the term of supervision.

AO 245B    (Rev. 02/18 - D/KS 02/18) Judgment in a Criminal Case
        Sheet 5 – Criminal Monetary Penalties

Judgment – Page **8** of **9**

DEFENDANT:         Tyler R Barriss
CASE NUMBER:    6:18CR10154 - 001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the Schedule of Payments set forth in this Judgment.

|  | **Assessment** | **JVTA Assessment*** | **Fine** | **Restitution** |
|---|---|---|---|---|
| **Totals:** | $4,600 | Not applicable | Waived | Not Applicable |

☐   The determination of restitution is deferred until ___. An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☐   The defendant shall make restitution (including community restitution) to the following payees in the amounts listed below.

    If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| **Name of Payee** | **Total Loss**\*\* | **Restitution Ordered** | **Priority or Percentage** |
|---|---|---|---|
| **Totals:** | $ | $ | |

☐   Restitution amount ordered pursuant to plea agreement $___.

☐   The defendant shall pay interest on any fine or restitution of more than $2,500, unless the fine or restitution is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options set forth in this Judgment may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☐   The court determined that the defendant does not have the ability to pay interest, and it is ordered that:

    ☐ the interest requirement is waived for the ☐ fine and/or ☐ restitution.

    ☐ the interest requirement for the ☐ fine and/or ☐ restitution is modified as follows:

*Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\*Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B     (Rev. 02/18 - D/KS 02/18) Judgment in a Criminal Case
          Sheet 6 – Schedule of Payments

Judgment – Page **9** of **9**

DEFENDANT:    Tyler R Barriss
CASE NUMBER:    6:18CR10154 - 001

# SCHEDULE OF PAYMENTS

Criminal monetary penalties are due immediately. Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows, but this schedule in no way abrogates or modifies the government's ability to use any lawful means at any time to satisfy any remaining criminal monetary penalty balance, even if the defendant is in full compliance with the payment schedule:

A    ☐    Lump sum payment of $___ due immediately, balance due
               ☐ not later than ___, or
               ☐ in accordance with ☐ C, ☐ D, ☐ E, or ☐ F below; or

B    ☒    Payment to begin immediately (may be combined with ☐ C, ☐ D, or ☒ F below); or

C    ☐    Payment in monthly installments of not less than 5% of the defendant's monthly gross household income over a period of ___ years to commence ___ days after the date of this judgment; or

D    ☒    Payment of not less than 10% of the funds deposited each month into the inmate's trust fund account and monthly installments of not less than 5% of the defendant's monthly gross household income over a period of __5__ years, to commence __30__ days after release from imprisonment to a term of supervision; or

E    ☐    Payment during the term of supervised release will commence within ___ (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

F    ☒    Special instructions regarding the payment of criminal monetary penalties:

If restitution is ordered, the Clerk, U.S. District Court, may hold and accumulate restitution payments, without distribution, until the amount accumulated is such that the minimum distribution to any restitution victim will not be less than $25.

Payments should be made to Clerk, U.S. District Court, U.S. Courthouse - Room 204, 401 N. Market, Wichita, Kansas 67202.

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐    Joint and Several

Defendant and Co-Defendant Names and Case Numbers (*including defendant number*), Total Amount, Joint and Several Amount and corresponding payee, if appropriate.

| Case Number Defendant and Co-Defendant Names (including defendant number) | Total Amount | Joint and Several Amount | Corresponding Payee, if appropriate |
|---|---|---|---|
| | | | |

☐    The defendant shall pay the cost of prosecution.

☐    The defendant shall pay the following court cost(s):

☐    The defendant shall forfeit the defendant's interest in the following property to the United States. Payments against any money judgment ordered as part of a forfeiture order should be made payable to the United States of America, c/o United States Attorney, Attn: Asset Forfeiture Unit, 1200 Epic Center, 301 N. Main, Wichita, Kansas 67202.

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.